UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAYNE THOMAS,

                            Petitioner,                       ORDER

    -against-

                                                           10-CV-3299 (CBA)

DUKE TERRELL, Warden, MDC Brooklyn,

                            Respondent.
-----------------------------------------------------------------X
AMON, United States District Judge:

        Petitioner Wayne Thomas, appearing pro se, who is currently detained at the Metropolitan Detention Center in Brooklyn, New York ("MDC"), moves this Court for a "sentencing reduction" pursuant to 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the District of Maryland, see United States v. Thomas, 91-CR-00212-WDQ, where petitioner has already challenged his conviction by filing a motion pursuant 28 U.S.C. § 2255, see Thomas v. United States, 01-CV-00206 (FNS).

        On December 23, 2009, petitioner filed a petition for a writ of audita querela which was transferred to the United States District Court for the District of Maryland. Thomas v. United States, 09-CV-5684 (CBA) (E.D.N.Y. Jan. 6, 2010). On February 2, 2010, petitioner filed a petition under § 2241 seeking to be transferred to a residential re-entry center which is currently pending. Thomas v. Terrell, 10-CV-512 (CBA). On March 12, 2010, petitioner filed a petition under § 2241 challenging his District of Maryland sentence which was dismissed. Thomas v. Terrell, 10-CV-1212 (CBA) (E.D.N.Y. Apr. 1, 2010). On May 18, 2010, petitioner filed a petition under § 2241 challenging his District of Maryland sentence – alleging that a violation of the federal criminal code should not have applied to him – which was also dismissed. Thomas v. Terrell, 10-CV-2299 (CBA) (E.D.N.Y. June 7, 2010).

In this, petitioner's <u>fifth</u> petition challenging his District of Maryland sentence, he now seeks a sentence reduction or a downward departure of his sentence based on "harsh incarceration" at MDC. However, § 2241 does not provide this Court with jurisdiction to grant a downward departure or otherwise reduce his sentence based on his incarceration at MDC. The cases cited by petitioner do not hold otherwise and solely concern the *sentencing* court's authority to consider the conditions of a defendant's *pretrial* or *presentence* confinement as a basis for a downward departure. See, e.g., United States v. Teyer, 322 F.Supp.2d 359, 377 (S.D.N.Y. 2004); Mateo v. United States, 299 F.Supp.2d 201, 211 (S.D.N.Y. 2004); United States v. Francis, 129 F.Supp.2d 612 (S.D.N.Y. 2001).

The Court reiterates that if petitioner wishes to challenge his federal sentence, he must file such a challenge in the United States District Court for the District of Maryland or, if his challenge to his sentence is second or successive pursuant to 28 U.S.C. § 2255(h), then he must seek authorization to file a successive motion in the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2244.

Accordingly, this case is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 10, 2010
Brooklyn, New York

/S/

Carol Bagley Amon
United States District Judge

2